ELIZA B. ROGERS *vs.* HORATIO ROGERS, Trustee.

Where property was vested in a trustee for the benefit of a *cestui que trust*, and it appeared that the *cestui*, who had been a *feme covert* when the trust was created, was now *sui juris*, and that no person was interested in the trust property except the *cestui que trust* and the trustee, who was willing to convey to her if he properly might, *held*, that the *cestui*, who had the entire equitable, should, if she desired, also have the legal estate, and that (affirming *Eaton* v. *Tillinghast, Trustee & others*, 4 R. I. 276) the court would, at her request, decree a conveyance of the trust property to her, free from the trust.

BILL IN EQUITY, brought by the complainant to terminate a trust for her benefit under the will of Eliza Ward, deceased, which she alleged had, by the death of her husband, become a dry, barren, and useless trust. The passages of the will of said Eliza Ward involved in the construction of the trust, were as follows : —

"*Seventh*. I give and devise the rest and residue of all my estate real and personal and mixed in possession remainder and reversion to my respected kinsman Moses Brown Ives to him his heirs and assigns forever in trust nevertheless for the sole separate and exclusive use and benefit of my niece Eliza B. Rogers her heirs and assigns forever with power to the said Moses Brown Ives trustee as aforesaid to sell and convey such part or parts of said estates as he may deem expedient and to invest the proceeds in some other property at his discretion subject to the trusts herein declared with further power to the said trustee to pay over to my said niece Eliza B. Rogers such of the proceeds of any property sold as aforesaid as he may think the circumstances of her situation may require."

CODICIL. This recites the above seventh clause, word for word, together with the provision making certain annuities since terminated a charge on the estate, and continues : —

" Now I do by this codicil order and direct that the said Moses B. Ives his heirs and assigns shall collect and receive the rents income profits and dividends of all the property in the said seventh clause in my said will devised and pay over the same to the said Eliza B. Rogers wife of Joseph Rogers taking her sep-. arate receipt therefor for her sole and separate use and benefit independently and exclusively of the said Joseph Rogers her husband and without being in any wise subject to his debts con-

trol interference or engagements. And upon further trust that if the said Eliza B. Rogers shall depart this life in the lifetime of the said Joseph Rogers her husband then and in such case the said Moses B. Ives his heirs or assigns do and shall from and after the decease of the said Eliza B. Rogers stand and be possessed of and interested in the said estates upon and for such trusts interests and purposes as the said Eliza B. Rogers notwithstanding her coverture shall by her last will and testament in writing or any codicil or codicils thereto or any writing or writings in the nature of or purporting to be a will or codicil direct or appoint and in default of such direction or appointment in trust for the heirs or assigns of the said Eliza B. Rogers forever."

*Arnold Green*, for the complainant. These portions of the will of Eliza Ward have already been considered by this court in the case of *Ives, Trustee*, v. *Harris*, 7 R. I. 413. The decision then given is, so far as it bears upon the present case, assumed to be controlling law. By the terms of the will, the trust property is limited to the exclusive use of Mrs. Rogers during her life, with full power of appointment by will, and in case of her intestacy the property is given to her heirs. The reasoning in the decision is general, and clearly gives Mrs. Rogers, by necessary implication, a control over the personalty of the trust quite as absolute as the control given her over the realty.

The trust has become a dry, barren, naked, and useless one; and where the *cestui que trust* has the absolute interest in the trust, he can compel the trustee to convey the legal estate to himself or to any other person in fee simple. Cruise Dig. tit. 12, chap. 4, § 6 ; Hill on Trustees, *278; Lewin on Trusts, *595; Perry on Trusts, *520.

A mere dry trust will not be sustained when the person equitably entitled to any property takes absolutely the entire beneficial interest, and the trustee has no duty to perform, unless the trust be a special one intended to accomplish some object, as to preserve contingent remainders, protect property for the sole and separate use of married women from the creditors of the *cestui que trust*. *Kay* v. *Scales*, 37 Pa. State, 31; *Freyvogle* v. *Hughes*, 56 Pa. State, 228 ; *Dodson* v. *Ball*, 60 Pa. State, 492 ; *Megargee* v. *Nagle*, 64 Ibid. 216 ; *Hepburn's Appeal*, 65 Ibid. 468.

Mrs. Rogers is alone interested in the trust property, and de-

sires a conveyance to herself. The power and duty of this court, as a court of equity, to decree the termination of a trust and a conveyance of the trust estate to the parties beneficially interested in it, when the whole objects and purposes of the trust have been accomplished, the interests created under it have all vested, the parties request it, and the trustee consents, cannot be doubted. *Bowditch* v. *Andrew et als.* 8 Allen, 339 ; *Smith* v. *Harrington*, 4 Allen, 566 ; *Inches* v. *Hill et als.* 106 Mass. 575 ; Perry on Trusts, chap. 32, p. 832 ; *Taylor* v. *Taylor*, 9 R. I. 127.

Mrs. Rogers is entitled to be let into possession of the trust estate. By the decision in *Ives* v. *Harris* (cited before), there can be no doubt that, after the death of Mr. Rogers, this became a simple and not a special trust, as defined by Mr. Lewin. Lewin on Trusts, *585. Mrs. Rogers is then entitled to the pernancy of the profits, and, so far as the trust estate is realty, may compel the trustee to put her in possession of the estate. Lewin on Trusts, *585 ; Hill on Trustees, *279 ; *Carteret* v. *Carteret*, 2 P. Wms. *134 ; *Blake* v. *Bunbury*, 1 Ves. Jr. 514.

So far as the trust estate is personalty, she may compel the trustee to pay the fund into court. Lewin on Trusts, *864 ; *Freeman* v. *Farlie*, 3 Mer. 29 ; *Dubless* v. *Flint*, 4 Myl. & C. 502. After which payment, as no interests but her own are involved, the court would be compelled to pay over the fund to her. She has also the power of disposition. *Ives* v. *Harris*, 7 R. I. 413 ; Lewin on Trusts, *595 ; *Jones* v. *Lewis*, 1 Cox, 197. And is therefore entitled to possession of the trust estates notwithstanding the fact that putting her into possession is tantamount to determining the trust. *Bowditch* v. *Andrew et als.* 8 Allen, 339, and other cases already cited ; *Smith et al.* v. *Harrington et al.* 4 Allen, 566 ; *Inches* v. *Hill*, 106 Mass. 575.

If no valid reasons for continuing the trust exist, the court will look at the disadvantages attending its existence as : (*a.*) Expense of management; (*b.*) Annoyance to *cestui* of separate legal and beneficial titles ; (*c.*) Impossibility of trustee obtaining valid discharge from *cestui* heirs or appointees ; (*d.*) Wishes of trustee and *cestui* to end trust disregarded ; (*e.*) Increased formality and expense in alienating trust lands or personalty.

These and other similar considerations gain weight when, as in the present case, both trustee and *cestui* desire to end the trus-

tee's estate ; the *cestui* is alone interested, no reason seems to exist against her having legal as well as equitable control, and a former opinion of this court has practically, though not technically, decided the issue.

*Rogers*, the trustee, *pro se ipso*, expressed his willingness to be discharged from the trust if such discharge could be legally accomplished.

Per CURIAM (Justices DURFEE and POTTER). We do not perceive that any person is interested in the trust property except the *cestui que trust* and the trustee. The *cestui que trust*, who was a *feme covert* when the trust was created, is now *sui juris*. The trustee does not object to convey, if he can do so in the proper execution of his trust. We see no reason, under these circumstances, why the *cestui que trust*, who has the entire equitable, should not also have the legal estate. In accordance with the cases which have been cited by the plaintiff's counsel, and also with the decision of this court in *Eaton* v. *Tillinghast, Trustee & others*, 4 R. I. 276, we will decree a conveyance of the trust property as prayed for in the bill.

*Decree accordingly.*